## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TODD JANSEN,** | ) | **CASE NO. 4:06CV3309** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **TED POCWIERC, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The plaintiff, formerly an inmate at the Platte County Detention Facility, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging the defendants violated his Eighth Amendment rights by failing to provide medical care. Filing No. 1. He was granted leave to proceed in forma pauperis. Filing No. 5. The defendant, the United States has filed a motion to dismiss. Filing No. 33. Pursuant to the court's continuing obligation as set forth in 28 U.S.C. § 1915(e)(2), the court must further conduct a sua sponte review of the plaintiff's complaint to determine if dismissal of this case is appropriate as to all defendants.

### **The Plaintiff's Complaint**

The plaintiff initially filed suit against Ted Rocwierc, the director of the Platte County Detention Facility, and Sharla Ruby, a nurse. The plaintiff's initial complaint alleged these defendants failed to provide medical care in violation of plaintiff's Eighth Amendment rights. The plaintiff seeks damages, "a federal investigation into the constant constitutional violations" of the Platte County Detention Facility, and "appointment of a special master to oversee the running of the facility until final court ruling." Filing No. 1, p. 6.

Liberally construing the allegations of the plaintiff's initial complaint, he alleges:

-- He was injured during his arrest, and was thereafter confined in the Platte County Detention Facility.

- -- While incarcerated in the Platte County Detention Facility, he asked to see a doctor regarding the injuries sustained during his arrest, but his requests were denied by the arresting officers. The arresting officers are not identified in the complaint.

- -- He is in constant pain with rib problems that affect his breathing.

- -- After a month and a half of complaining, he was allowed to see a doctor. The doctor allegedly told the plaintiff there was something seriously wrong, but nothing could be done until the swelling went down in his rib cage. The doctor allegedly prescribed pain killers, and wanted to see the plaintiff again in a week.

- -- Once the plaintiff was returned to the Platte County Detention Facility after seeing the doctor, he was "kept up front over a week till [he] stopped having blood in [his] urine." Filing No. 1, p. 5.

- -- "The defendants had full knowledge [plaintiff] was hurt but showed deliberate indifference to [his] pain and suffering." Filing No. 1, p. 5.

- -- In plaintiff's statement of grievance procedures followed, he claims he "wrote to Dir., nurse, etc. No Reply."

The court conducted an initial review of the plaintiff's complaint. Filing No. 8. The order on initial review advised the plaintiff that when the complaint fails to state whether a government official is sued in his or her official capacity, individual capacity, or both capacities, the court presumes the official is sued in only the official capacity. The order further explained that when a county employee is sued in his or her official capacity, the real defendant is the county. The initial review order stated:

> To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because its employees violated the plaintiff's civil rights. The county, acting through one or more of its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

Filing No. 8, pp. 1-2. The plaintiff was given leave to amend or supplement his complaint.

The plaintiff supplemented his complaint on February 6, 2007. Filing No. 10. The supplemental complaint added defendants, and identified the named defendants as Platte County, Jon Zavadil, Bob Shepherd, and Ted Pocwierc, and Sharla Ruby. The supplemental complaint alleged these defendants were being sued in their individual and official capacities, but it contained no other substantive allegations. Filing No. 10.

The plaintiff's complaint identified Sharla Ruby as the "Nurse, Platte County Detention Facility." Filing No. 1, p. 4. However, the United States Attorney for the District of Nebraska filed a certification notifying the court that at the time and place at issue, Sharla Ruby was acting in the course and scope of her employment for the Public Health Service, which is operated in accordance with the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). Filing No. 29. Specifically, Sharla Ruby was an employee of the Public Health Service's East-Central District Health Department. Filing No. 34, att. 1 (Bergeron declaration), ¶ 6. The notice of substitution stated that as to the plaintiff's claim against Sharla Ruby under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1), the plaintiff's claim against Sharla Ruby is a claim against the United States. Filing No. 28. The United States was substituted for Sharla Ruby as a defendant. Filing No. 32.

**Matters Pending for Review**

1.  United States' Motion to Dismiss.

The United States filed a motion to dismiss, with supporting evidence and brief, on September 4, 2007. Filing Nos. 33-35. The plaintiff was given until October 12, 2007 to respond to the motion to dismiss. Filing No. 36. The memorandum and order setting this response date, (Filing No. 36), was initially sent to the plaintiff's address of record at the

3

time he filed his complaint; that is, the Platte County Jail, 1125 E. 17th Street, Columbus, Nebraska, 68601. This mailing was returned. The clerk re-sent the memorandum and order to a forwarding address for the plaintiff provided by the Platte County Jail. The re-sent memorandum and order was not returned, yet the plaintiff did not respond to the motion to dismiss.

Concerned that the forwarding address provided by the Platte County Jail might be incorrect, the court entered an order requiring the plaintiff to update his address with the court on or before November 5, 2007. Filing No. 38. This order was sent to the address previously provided by the Platte County Jail. The plaintiff filed an updated address on November 2, 2007. Based on this updated address, (Filing No. 41), the court concludes the plaintiff received the memorandum and order setting a deadline for responding to the motion to dismiss. No response has been filed to date. The motion to dismiss filed by the United States is deemed submitted.

The United States submits that based on the allegations of the plaintiff's complaint, the claims against the United States must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

    2.    <u>Review Pursuant to 28 U.S.C. §§ 1915(e)(2)</u>.

The plaintiff is proceeding in forma pauperis. Accordingly, as to all the parties, the court has a continuing obligation to review the plaintiff's complaint to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss plaintiff's complaint or any portion thereof that states a frivolous or malicious claim, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

The United States' motion to dismiss for lack of subject matter jurisdiction rests on whether the plaintiff has stated a constitutional tort claim or a negligence claim. The United States argues that the plaintiff's complaint alleges, at most, a claim for medical malpractice or negligence. It claims the plaintiff failed to file an administrative claim under the Federal Tort Claims Act, 28 U.S.C. § 2675(a), and therefore the court lack subject matter jurisdiction. In support of its Rule 12(b)(6) motion, the United States argues that even had the plaintiff alleged a constitutional tort, the plaintiff has failed to state a claim on which relief may be granted because sovereign immunity bars a suit for damages against the United States based upon an alleged constitutional tort by a federal employee. Filing No. 35, pp. 9-10.

The standard of review applicable under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) are the same. When reviewing a complaint for failure to state a claim, the court must construe the allegations in the light most favorable to the plaintiff. A complaint is subject to dismissal with prejudice for failing to state a claim if it appears the pro se plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002). See also Goodroad v. Bloomberg, 1997 WL 633078, *1 (8th Cir. 1997)(affirming dismissal of pro se complaint with prejudice upon review under 28 U.S.C. § 1915(e)(2)(B)(ii)(citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(applying Fed.R.Civ.P.12(b)(6) standard of review to section 1915(e)(2)(B)(ii)

5

dismissal) and Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994)(applying Rule 12(b)(6) standard of review)).

## Discussion

The defendants are Platte County; Jon Zavadil, Bob Shepherd, and Ted Pocwierc, in their individual and official capacities; the United States, and to the extent the plaintiff's complaint purports to raise a constitutional tort claim, Sharla Ruby, in her official and individual capacities.[1]  For the reasons discussed hereafter, the plaintiff's claims must be dismissed as to all these defendants.

1. Platte County, and Jon Zavadil, Bob Shepherd, and Ted Pocwierc, in Their Official Capacities.

The plaintiff's claim against Platte County, and Jon Zavadil, Bob Shepherd, and Ted Pocwierc, in their official capacities, is a suit against the county.  When seeking § 1983 recovery from a governmental entity, such as a county, the plaintiff must identify a governmental policy or custom that caused the plaintiff's injury.  Brockinton v. City of Sherwood, AR, 2007 WL 2873564, *5 (8th Cir. 2007).   The plaintiff's complaint does not allege the existence of any county policy or custom that caused the plaintiff's injury.  The plaintiff has failed to state a § 1983 claim against Platte County, and Jon Zavadil, Bob Shepherd, and Ted Pocwierc, in their official capacities.'

---

[1]The United States' motion to substitute, (Filing No. 28), requested substitution based on its interpretation that the plaintiff's complaint raised, at most, a negligence claim governed by the Federal Tort Claims Act (FTCA).  The court's order granting the substitution, (Filing No. 32), does not state whether Sharla Ruby was substituted by the United States as to only an FTCA claim.  For the purpose of this memorandum and order, and in deference to the plaintiff, the court assumes the United States was substituted for Sharla Ruby with respect to only FTCA claims and not as to any constitutional tort claims.

> 2. <u>Jon Zavadil, Bob Shepherd, Ted Pocwierc, and Sharla Ruby, in Their Individual Capacities</u>.

Jon Zavadil, Bob Shepherd, and Ted Pocwierc are county employees. Sharla Ruby is a federal employee. 42 U.S.C. § 1983 governs actions to recover against the county employees for constitutional torts, while any such action against defendant Ruby must be pursued under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2] Since "[a]n action under <u>Bivens</u> is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials," (<u>Gordon v. Hansen</u>, 168 F.3d 1109, 1113 (8th Cir. 1999)), these claims will be considered together.

The plaintiff's complaint does not explain why defendant Pocwierc, employed as the "Jail Director" of the Platte County Detention Facility, Bob Shepherd, Jon Zavadil, or Sharla Ruby were named as defendants. Defendants Shepherd and Zavadil are never mentioned in the body of the complaint. The most that can be said about defendants Pocwierc and Ruby is that these defendants allegedly received a grievance from the plaintiff but did not reply.

Whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. <u>Stringer v. St. James R-1 School Dist</u>., 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must

---

[2] <u>Bivens</u> actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. <u>Carpenter's Produce v. Arnold</u>, 189 F.3d 686, 687 (8th Cir. 1999).

set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer, 446 F.3d at 802 (internal citations and quotation marks omitted).

To state a § 1983 claim, the plaintiff must allege the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). See also Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988)("Only federal officials who actually participate in alleged violations are subject to a Bivens-type suit."). The plaintiff's complaint includes no allegations of acts or omissions committed by defendants Shepherd or Zavadil, and the complaint does not state that the plaintiff's alleged injuries were caused by these defendants. As to defendants Pocwierc and Ruby, although the plaintiff allegedly forwarded a grievance to these defendants, there are no allegations identifying the subject matter of the grievance, what it said, when it was sent, or that these defendants' alleged failure to respond to the grievance caused or exacerbated the plaintiff's alleged injuries. The plaintiff has failed to state a § 1983 claim against the defendants Jon Zavadil, Bob Shepherd, Ted Pocwierc, in their individual capacities, and he has failed to allege a cognizable constitutional tort claim against Sharla Ruby in her individual capacity.

3. The United States.

Any claim against Sharla Ruby in her official capacity is a claim against the United States. Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993), However, irrespective of whether plaintiff seeks relief from Sharla Ruby in her official or individual capacity, the plaintiff has failed to allege that Sharla Ruby violated the plaintiff's constitutional rights. Accordingly, to the extent the plaintiff seeks not only damages, but also injunctive relief

based on alleged constitutional violations committed by Sharla Ruby in her official capacity, these claims against the United States must be dismissed.

Moreover, "[s]overeign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." Coleman, 986 F.2d at 1189. With respect to constitutional tort claims for damages brought against the United States or its agencies, Congress has not waived sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471 (1994) (holding a Bivens cause of action cannot be brought against a federal agency). Therefore, even assuming the plaintiff's complaint states a damage claim arising from Ruby's alleged violation of the plaintiff's constitutional rights, the plaintiff cannot recover against the United States on this claim because the federal government and its agencies are immune from any such suit. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982)("Bivens and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials.").

Subject to exceptions that are not relevant in this case, Congress has waived sovereign immunity for negligence actions governed by the Federal Tort Claims Act (FTCA). "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" Barnes v. U.S., 448 F.3d 1065, 1066 (8th Cir. 2006)(quoting 28 U.S.C. § 2674). However, the plaintiff has not alleged that he exhausted his administrative remedies as required under the FTCA before filing his complaint, and exhaustion is a jurisdictional prerequisite to filing a suit for recovery under the FTCA. Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."

McNeil v. U.S., 508 U.S. 106, 113 (1993)(holding that despite the liberal construction afforded to pro se pleadings, the prisoner's complaint seeking FTCA recovery was properly dismissed for failure to exhaust administrative remedies before filing suit).  Accordingly, to the extent the plaintiff seeks recovery from the United States under the FTCA, his claim must be dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against defendants Platte County, Jon Zavadil, Bob Shepherd, and Ted Pocwierc, in their official capacities, and Jon Zavadil, Bob Shepherd, Ted Pocwierc, and Sharla Ruby, in their individual capacities are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. The Motion to Dismiss filed by the United States, (Filing No. 33), is granted as follows:

    a. To the extent the plaintiff's complaint seeks relief for alleged constitutional violations performed by Sharla Ruby in her official capacity, this claim is dismissed with prejudice.

    b. To the extent that the plaintiff's complaint seeks recovery from the United States based on the Federal Tort Claims Act, this claim is dismissed without prejudice.

3. The motion to vacate progression order, (Filing No. 39), filed by defendants Platte County, Ted Pocwierc, Bob Shepherd, Jon Zavadil, in their official and individual capacities is denied as moot; and

4. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge